**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
WINDWARD BORA LLC

                Plaintiff,

      v.

ALJO DURKOVIC *as Trustee of the McQueen Family Trust*, ROBERT MCQUEEN, RHONDA MCQUEEN, and WELLCORP, INC.

               Defendants.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**

22-CV-00411 (MKB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

      Plaintiff Windward Bora LLC ("Plaintiff") brought this action against defendants Aljo Durkovic (as trustee of the McQueen Family Trust), Robert McQueen, Rhonda McQueen, and Wellcorp, Inc. (together, "Defendants") to foreclose on a mortgage encumbering a property located at 1460 Forest Avenue in Baldwin, New York (the "Property") under New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301 *et seq*. *See generally* Complaint, Electronic Case File Docket Entry Number ("ECF No.") 1 ("Complaint" or "Compl.").[1] Defendants failed to answer or otherwise respond to the Complaint. Thereafter, Plaintiff filed a motion for default judgment against Defendants that seeks damages and authorization to foreclose on and sell the Property. *See* Motion For Default Judgment Of Foreclosure And Sale, ECF No. 17 (the "Motion"). The Honorable Margo K. Brodie then referred the Motion to the previously-assigned magistrate judge for a Report and Recommendation. *See* March 30, 2022 Order Referring Motion. Subsequently, after the recusal of the prior magistrate judge on June 13, 2022, this action (together with the Motion) was reassigned to the undersigned magistrate judge. ECF No. 18.

---

[1] Citations to the exhibits attached to the Complaint filed within ECF No. 1-1 are formatted herein as "Compl. Ex. [ _ ]."

For the reasons set forth below, the undersigned respectfully recommends that this Court DENY Plaintiff's Motion.

## I. BACKGROUND

### A. Relevant Alleged Facts.

On June 16, 2005, Robert McQueen executed a note for a $165,000 home equity line of credit, plus interest at a monthly variable rate, from National City Bank to be secured by the Property (the "Note"). *See* Compl. Ex. C. That same day, Robert McQueen and Rhonda McQueen (the "Borrowers") executed a mortgage on the Property that secured the Note (the "Mortgage" and, together with the Note, the "Agreements"). Compl. ¶ 10; *see* Compl. Ex. B. On July 21, 2007, the Mortgage was recorded in the Nassau County Clerk's Office.[2] *Id.* On November 23, 2009, Borrowers transferred the Property to Aljo Durkovic as Trustee of the McQueen Family Trust. Compl. Ex. F. On April 15, 2013, a judgment in favor of Wellcorp Inc. against Robert McQueen for $4,232.16 was recorded in the Nassau County Clerk's Office against the Property. Compl. Ex. G. Later in 2013, Keyhole Capital – Fund V replaced National City Bank as the lender and mortgagee under the Agreements. *See* Compl. ¶ 12 (stating the May 11, 2013 transfer of the Note and assignment of the Mortgage were recorded on September 26, 2013).

Since January 20, 2016, the Borrowers have breached the Agreements by failing to make the required monthly payments. *See id.* ¶ 15. In the summer of 2021, Plaintiff replaced Keyhole Capital – Fund V as the lender and mortgagee under the Agreements. *See id.* ¶ 12 (stating the July 19, 2021

---

[2] On February 26, 2009, U.S. Bank, National Association (as successor to Downey Savings and Loan Association, F.A.) brought an action against the Borrowers (and Plaintiff's predecessor under the Agreements, National City Bank) to foreclose on the Property based on a $345,000 promissory note and mortgage executed on June 3, 2005. *US Bank Nat'l Ass'n v. McQueen*, 189 A.D.3d 1117, 1118-19, 133 N.Y.S.3d 842, 843 (App. Div. 2nd Dept. 2020). That action, in which Borrowers appeared, is still ongoing. *See U.S. Bank National Association v. Rhonda McQueen*, No. 3491/2009 (N.Y. Sup. Ct., Nassau County). Because it concerns a different mortgage, that pending state action does not preclude Plaintiff from seeking to foreclose on the Property in this federal case. *See Courchevel 1850 LLC v. 464 Ovington LLC*, No. 16-CV-7185, 2019 WL 1492347, at *3 (E.D.N.Y. Mar. 31, 2019).

transfer of the Note and assignment of the Mortgage were recorded on August 26, 2021). On September 16, 2021, counsel for Plaintiff sent a default notice to the Borrowers.[3] *See* Compl. Ex. E. The default notice stated that the total amount in arears was $106,206.40 and the Borrowers were required to correct the default. *See id.* The default notice further states that the Borrowers' failure to cure the default by October 16, 2021 would permit Plaintiff to accelerate the loan and, "[u]pon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." *See id.* That same day, counsel for Plaintiff sent the Borrowers the 90-day notice provided by the RPAPL Section 1304(1). *See id.* In order to comply with RPAPL Section 1306, Plaintiff notified the Superintendent of the New York State Department of Financial Services within three days that it had sent the 90-day notice to the Borrowers. *See* Compl. ¶ 16; Compl. Ex. E. Borrowers failed to respond to either the default notice or the 90-day notice. Compl. ¶ 18.

### B. Procedural History.

On January 25, 2022, Plaintiff filed the Complaint, which contained the special summons required by RPAPL Section 1320.[4] *Compare* ECF No. 1-2 *with* N.Y. REAL. PROP. ACTS. LAW § 1320 (providing the summons required for "an action to foreclose a mortgage on a residential property containing not more than three units"). Defendants were duly served with summonses and copies of the Complaint in February 2022. *See* Summonses Returned Executed, ECF Nos. 9-11, 13. Defendants did not file answers or other responses to the Complaint.

---

[3] The default notice explained that Plaintiff authorized (1) FCI Lender Services, Inc. to act on Plaintiff's behalf as servicer; (2) The Margolin & Weinreb Law Group, LLP, which sent the default notice, to act on Plaintiff's behalf as legal counsel; and (3) both the servicer and legal counsel to pursue collection of amounts owed under the Note. *See* Compl. Ex. E.

[4] The summons provided in RPAPL Section 1320 provides bolded and capitalized warnings about the potential for foreclosure and the need to file an answer in order "to give unsophisticated homeowners sufficient notice that they are about to lose their homes through foreclosure." *Aronson v. Callahan*, 61 Misc. 3d 658, 660, 83 N.Y.S.3d 792, 793 (N.Y. Sup. Ct., Nassau County 2018).

3

On March 10, 2022, Plaintiff requested a certificate of default against the Borrowers and Aljo Durkovic. ECF No. 12. On March 15, 2022, the Clerk of the Court entered default against the Borrowers and Aljo Durkovic. ECF No. 14. On March 18, 2022, Plaintiff requested a certificate of default against Wellcorp, Inc. ECF No. 15. On March 23, 2022, the Clerk of the Court entered default against Wellcorp, Inc. ECF No. 16.

Plaintiff filed the Motion on March 29, 2022. ECF No. 17. On March 30, 2022, Chief Judge Margo K. Brodie referred the Motion to Magistrate Judge Anne Y. Shields, to whom the case was then assigned, for a Report and Recommendation. *See* March 30, 2022 Order Referring Motion. On June 13, 2022, this case was reassigned from Magistrate Judge Shields to the undersigned.[5] *See* ECF No. 18.

On August 1, 2022, the undersigned issued an Order directing Plaintiff to file a supplement in support of the Motion by August 22, 2022 to confirm the nature and basis for its claim to interest—because Plaintiff's request for a flat 6.6% interest rate conflicts with the Note's imposition of a variable interest rate. *See* August 1, 2022 Status Report Order; *compare* Compl. Ex. C (describing how the monthly "finance charge" is "subject to change, based on the value of an index") *with* Memorandum Of Law In Support OF Plaintiff's Motion, ECF No. 17-2 at 7-8 (asserting entitlement to $64,556.64 in interest based on the attached affidavit of Yonel Devico); Affidavit Of Amounts Due To Plaintiff, ECF No. 17-6 ("Devico Affidavit") ¶ 7 (asserting that "at the time of default the interest rate [under the Note] was, and continues to be, 6.600%"). After the Court granted an extension of time to file it, Plaintiff filed its supplemental letter on September 23, 2022. *See* ECF No. 20.

---

[5] The reassignment of this case to the undersigned included the prior referral for a report and recommendation on the Motion. *See, e.g., Bonilla v. Saul*, No. 20-CV-00807, 2022 WL 603935, at *1 (E.D.N.Y. Mar. 1, 2022) (adopting report and recommendation from new magistrate judge where the underlying referral was directed to the previously assigned magistrate judge).

4

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure (each a "Rule") prescribe a two-step process for a plaintiff to obtain a default judgment.  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, after a default has been entered against the defendant, and provided the defendant failed to appear and move to set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment.  Fed. R. Civ. P. 55(b)(2).

Before imposing a default judgment, the district court must accept the plaintiff's well-pled allegations as true and determine whether they establish the defendant's liability as a matter of law.  *See Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).  "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."  *Id.* at 189 (quoting *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012)) (internal alterations omitted).  Instead, the plaintiff must establish—to a "reasonable certainty"—entitlement to the relief requested.  *Metro Found. Contractors*, 699 F.3d at 232 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021), *aff'd*, 35 F.4th 913 (2d Cir. 2022).  Rule 55(b)(2) provides that "[t]he Court may conduct hearings or make referrals" to "determine the amount of damages."  That rule "allows but does not require" the Court to conduct a hearing.  *Bricklayers*, 779 F.3d at 189 (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir.1991)); *see Metro Found. Contractors*, 699 F.3d at 234 ("While Rule 55(b)(2) permits the district court to conduct a hearing to determine damages, such a hearing is not

mandatory."). The Court may instead rely on documentary evidence to determine the amount of damages to award. *See Bricklayers*, 779 F.3d at 189 (affirming default judgment's award of compensatory damages calculated without a hearing based on briefs, audits, and affidavits); *Metro Found. Contractors*, 699 F.3d at 234-35 (holding that default judgment damages may be based on "detailed affidavits and documentary evidence" and affirming the default judgment's award of damages calculated based on an auditor's affidavit).

## III. DISCUSSION

As explained below, Plaintiff satisfied two procedural prerequisites relating to the Motion. However, the Court has identified a procedural infirmity that requires the undersigned to recommend that the Court deny the Motion. That finding therefore obviates the need to determine liability and damages in connection with the Motion.

### A. Plaintiff Satisfied Two Procedural Prerequisites

Based on the record, the Court concludes that Plaintiff has demonstrated that it has standing and that it complied with RPAPL Section 1304.

#### 1. Plaintiff Showed It Has Standing

Since Plaintiff is not an original party to the Note, the Court will first address Plaintiff's standing to bring this foreclosure action. *See Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("Because the standing issue goes to this Court's subject matter jurisdiction, it can be raised *sua sponte*.") (citations omitted). "A plaintiff establishes standing in a foreclosure action by demonstrating that it was 'either the holder or assignee of the underlying note' at the time the foreclosure action was commenced." *1077 Madison St., LLC v. Daniels*, 954 F.3d 460, 463 (2d Cir. 2020) (quoting *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016)). That is, "[e]ither a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is

6

sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *OneWest Bank*, 827 F.3d at 222 (quoting *U.S. Bank, N.A. v. Collymore*, 68 A.D.3d 752, 754, 890 N.Y.S.2d 578, 580 (App. Div. 2nd Dept. 2009)).

To demonstrate its standing to bring this action, Plaintiff attached to the Complaint the Note with an allonge[6] endorsing Plaintiff as payee. *See* Compl. Ex. C. In connection with the Motion, Plaintiff also submitted an affidavit averring that Plaintiff is the current Noteholder. *See* Devico Affidavit ¶ 4. This evidence is sufficient to establish Plaintiff's standing as holder of the Note. *See 1077 Madison St.*, 954 F.3d at 464; *OneWest Bank*, 827 F.3d at 222-23.

### 2. Plaintiff Complied With RPAPL Section 1304

The RPAPL's Section 1304 ("Section 1304") requires that "at least ninety days" before the assignee of a mortgage files a foreclosure action, the assignee must send the borrowers a notice, stating, among other things, that the loan is a certain number of days and dollars in default, "by registered or certified mail and also by first-class mail to the last known address of the borrower, and to the residence that is the subject of the mortgage." REAL. PROP. ACTS. LAW § 1304(1)-(2). Service of this notice on the Borrowers is a condition precedent to commencing a foreclosure action, and Plaintiff has the burden of establishing it satisfied this condition. *See, e.g.*, *CIT Bank N.A. v. Schiffman*, (*Schiffman I*) 948 F.3d 529, 533 (2d Cir. 2020). Plaintiff can demonstrate it complied with this prerequisite by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id*. (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 98 N.Y.S.3d 273,

---

[6] "An allonge is a document attached to a negotiable instrument to provide space for additional endorsements when the original document no longer has room for endorsements." *Wilmington Tr., Nat'l Ass'n as Tr. for Registered Holders of Wells Fargo Com. Mortg. Tr. 2015-NXS2, Com. Mortg. Pass-Through Certificates, Series 2015-NXS2 v. Winta Asset Mgmt. LLC*, No. 20-CV-5309, 2022 WL 2657166, at *1 n.2 (S.D.N.Y. July 8, 2022) (internal quotations omitted).

7

277 (App. Div. 2nd Dept. 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by 'a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed.'" *Id*. (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 830, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff here provided documentation that it sent two notices (a notice of default and a separate 90-day notice) to Borrowers on September 16, 2021. *See* Compl. Ex. E; *see also supra* Part I.A (describing the contents of these notices). These notices were addressed to the Borrowers via certified mail and first-class mail to both the Property and their residence in Long Pond, Pennsylvania. *See* Compl. Ex. E; *see also* Compl. ¶¶ 4-5 (reporting Borrowers' address in Long Pond, Pennsylvania). The 90-day notice conforms to the format required by the Section 1304. *Compare* Compl. Ex. E *with* REAL. PROP. ACTS. LAW § 1304(1). Plaintiff attached certified mail receipts for the notices to the Complaint. *See* Compl. Ex. E. Plaintiff also provided an affidavit of mailing, which confirms that the notices were sent via certified and first-class mail as addressed on September 16, 2021 "[i]n accordance with the standard mailing practices and procedures." *Id*. Those pre-foreclosure notices and their proof of mailing establish compliance with Section 1304 for the instant Motion. *See, e.g.*, *Wilmington PT Corp. v. Salomon*, No. 20-CV-4068, 2021 WL 2689220, at *3 (E.D.N.Y. June 9, 2021), *report and recommendation adopted*, 2021 WL 2685635 (E.D.N.Y. July 1, 2021).

### B.    Plaintiff Failed To Comply With RPAPL Section 1306

Though Plaintiff demonstrated it has standing and complied with Section 1304, it failed to satisfy the additional procedural prerequisite that it complied with RPAPL Section 1306 ("Section 1306"). As explained below, that failure warrants denial of the Motion.

Section 1306 requires that the assignee of a mortgage must file certain information with the Superintendent of Financial Services (the "Superintendent") no more than three business days after

8

mailing the 90-day notice under Section 1304. *See* REAL PROP. ACTS. LAW § 1306(1)-(2). That filing "*shall include at a minimum*, the name, address, *last known telephone number of the borrower*, and the amount claimed as due and owing on the mortgage, and such other information as will enable the Superintendent to ascertain the type of loan at issue." *Id.* § 1306(2) (emphasis added). Submitting all that information in a Section 1306 filing is a "condition precedent" to maintaining a foreclosure action because the Superintendent needs that information to, among other things, "direct[] as appropriate available public and private foreclosure prevention and counseling services to borrowers at risk of foreclosure."[7] *Id.* § 1306(1), (4). For that reason, courts routinely evaluate *sua sponte* whether a lender seeking a default judgment has complied with Section 1306. *See Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 4445399, at *4 (E.D.N.Y. Sept. 23, 2022) (collecting cases).[8] This Court will follow that same practice.

While the "principal objective of the filings is to provide statistical data permitting [the Department Of Financial Services] to accurately track and analyze loans at risk of foreclosure and properly allocate foreclosure counseling resources statewide," *CIT Bank N.A. v. Schiffman*, (*Schiffman II*) 36 N.Y.3d 550, 559–60, 168 N.E.3d 1138, 1145 (2021), "[t]he purpose of the [specific] borrower information on the RPAPL § 1306 Form is to assist mortgage counselors working with the Department [of Financial Services] to contact the Borrower" and provide "counseling to avoid

---

[7] To that end, the statute authorizes the Superintendent to (1) request additional information "to facilitate a review of whether the borrower might benefit from counseling or other foreclosure prevention services" and (2) share all reported information with certain agencies "for the purpose of coordinating or securing help for borrowers at risk of foreclosure." REAL PROP. ACTS. LAW § 1306(2), (4).

[8] *See also, e.g.*, *U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91, 2022 WL 1422841, at *7 (E.D.N.Y. Mar. 24, 2022) ("The Court has reviewed the registration document submitted by plaintiff and concludes that plaintiff has satisfied the requirements under RPAPL § 1306."), *report and recommendation adopted*, 2022 WL 2390989 (E.D.N.Y. July 1, 2022); *Salomon*, 2021 WL 2689220, at *3 ("Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services attached to the Complaint, this Court finds that Plaintiff has satisfied this filing requirement as well.").

foreclosure."[9] *Schiffman I,* 948 F.3d at 536 n.3 (internal quotations and alterations omitted); *see One W. Bank, FSB v. Lynch*, No. 14-CV-158, 2014 WL 5471009, at *5 (E.D.N.Y. Oct. 28, 2014) ("RPAPL Section 1306 requires a lender or assignee to file certain information about the borrower and the mortgage with the Superintendent of Financial Services so the superintendent may assess whether the borrower can benefit from counseling or other foreclosure prevention services."). Put differently, Section 1306 requires borrower information in order to "identify distressed homeowners as soon as possible" so they may receive urgent assistance needed to "protect" them from enduring "preventable foreclosures." *TD Bank, N.A. v. Leroy*, 121 A.D.3d 1256, 1259, 995 N.Y.S.2d 625, 628 (App. Div. 3rd Dept. 2014). Therefore, "[n]otwithstanding its entitlement to foreclosure in other respects, a plaintiff seeking a default judgment of foreclosure and sale must sufficiently plead *strict compliance* with RPAPL Section[] . . . 1306; its failure to do so warrants denial of a motion for default judgment." *Wilmington PT Corp. v. Gray* (*Gray I*), No. 19-CV-1675, 2020 WL 7684876, at *4 (E.D.N.Y. Oct. 22, 2020) (emphasis added), *report and recommendation adopted*, 2020 WL 7296858 (E.D.N.Y. Dec. 11, 2020); *see Bullock*, 2022 WL 4445399, at *7 ("[F]ailure to comply with a Section 1306 notice is sufficient to deny foreclosure. And the failure to satisfy these statutory elements may be considered on a motion for default judgment."); *see also TD Bank*, 121 A.D.3d at 1259, 995 N.Y.S.2d at 628 ("RPAPL 1306's condition precedent to commencing a foreclosure action is *strict compliance* with the first sentence of the statute.") (emphasis added).

In the instant case, Plaintiff's Proof of Filing Statements from the New York State Department of Financial Services (the "Proof Of Filing Statements") reflect a failure to include either of the Borrowers' telephone numbers. *See* Compl. Ex. E (showing a blank line on each Proof Of Filing

---

[9] *See also Schiffman II*, 36 N.Y.3d at 559–60, 168 N.E.3d at 1145 (recognizing that the "the statutory text permits the agency to share information from the filing with certain housing counseling agencies that coordinate help for distressed borrowers, and DFS may use the information to facilitate a review of whether the borrower might benefit from counseling or other foreclosure prevention services.") (internal quotations omitted).


Statement in the space for the "Borrower's Phone No"). Plaintiff ignored its statutory obligation that it "*shall* include [in each of the Proof Of Filing Statements] *at a minimum*, the . . . last known telephone number of the borrower . . . ." REAL PROP. ACTS. LAW § 1306(2) (emphasis added). This shortcoming deprived the Borrowers of the benefit that Section 1306 was designed to provide them: swift outreach from mortgage counselors to help the Borrowers avoid foreclosure.[10] *See Schiffman I*, 948 F.3d at 536 n.3; *One W. Bank*, 2014 WL 5471009, at *5; *TD Bank*, 121 A.D.3d at 1259, 995 N.Y.S.2d at 628. Under these circumstances—where Plaintiff failed "to establish proof of compliance with . . . 'a condition precedent to commencement of the action'"—imposing a default judgment would "prejudice [the Defendants'] substantial rights." *Gray I*, 2020 WL 7684876, at *5 (quoting REAL PROP. ACTS. LAW § 1306(1)); *see TD Bank*, 121 A.D.3d at 1260, 995 N.Y.S.2d at 629 (affirming dismissal because the failure to strictly comply with Section 1306 "cannot be deemed a minor irregularity which can be overlooked").

Plaintiff's allegation that it "has complied with the registration requirements of RPAPL 1306(1)," cannot overcome this fatal deficiency in the Proof Of Filing Statements. Compl. ¶ 16. In fact, Plaintiff does not acknowledge or provide any explanation for the missing telephone numbers in any of its filings in this action. *See* Compl.; ECF No. 17. "A defaulting party admits only well-pleaded factual allegations; it does not admit conclusory allegations or legal conclusions." *E.A. Sween Co., Inc. v. A & M Deli Express Inc.*, 787 F. App'x 780, 782 (2d Cir. 2019) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *see Taizhou Zhongneng Imp. & Exp. Co., Ltd v. Koutsobinas*, 509 F. App'x 54, 57 (2d Cir. 2013) (finding default judgment improper because the complaint's allegations were conclusory). Further, "an allegation is not well-pleaded if it is

---

[10] Plaintiff could have satisfied Section 1306 if it had filed the requisite information about even just one of the Borrowers. *See Schiffman II*, 36 N.Y.3d at 560, 168 N.E.3d at 1145 (explaining that an adequate Section 1306 filing about one borrower is sufficient because mortgage counseling for one borrower facing foreclosure often helps his/her co-borrowers given that their collective "interests are aligned").

11

contradicted by the parties' own pleadings and submissions in support of default judgment." *Glob. Auto, Inc. v. Hitrinov*, No. 13-CV-2479, 2021 WL 7367078, at *5 (E.D.N.Y. Aug. 20, 2021), *report and recommendation adopted*, 2022 WL 593613 (E.D.N.Y. Feb. 28, 2022); *see Getty Images (US) Inc. v. Advernet, Inc.*, 797 F. Supp. 2d 399, 439 (S.D.N.Y. 2011) (declining to impose default judgment because "the allegations in the complaint were contradicted by the plaintiff's own uncontroverted evidence, making them not well-pleaded") (internal quotations omitted); *Montblanc-Simplo GmbH v. Colibri Corp.*, 739 F. Supp. 2d 143, 151 (E.D.N.Y. 2010) (explaining that allegations in a complaint are not "well-pleaded" for a default judgment when contradicted by the plaintiff's evidence). Accordingly, the Complaint's conclusory allegation and legal conclusion regarding its purported compliance with Section 1306 lacks adequate support given the absence of the mandatory information regarding the Borrowers' telephone numbers in the Proof Of Filing Statements. *See Wilmington PT Corp. v. Gray* (*Gray II*), No. 19-CV-1675, 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (rejecting allegation that plaintiff complied with Section 1306 given a deficiency in the proof of filing attached to the complaint); *see also Bullock*, 2022 WL 4445399, at *3 (declining to find compliance with Section 1306 "based on Freedom Mortgage's bare assertion that it provided notice as required by the RPAPL").

    **C.**    **Plaintiff's Failure To Comply With Section 1306 Raises Equitable Considerations That Favor Denying The Motion**

The deficiencies identified *sua sponte* by the Court in the Proof Of Filing Statements also implicate equitable considerations that warrant denial of the Motion. When adjudicating a motion for a default judgment, the Court may consider (1) whether Defendants have a "meritorious defense" that would justify vacating default upon a motion under Rule 55(c), and (2) whether a default judgment would be a "harsh or unfair result." *Bullock*, 2022 WL 4445399, at *4 (first quoting *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001); and then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993)) (denying default judgment motion lacking compliance with Section 1306

12

based partly on these factors). For purposes of vacating a default judgment, "[a] defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Gardner v. Lefkowitz*, 737 F. App'x 597, 598 (2d Cir. 2018) (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996)). A meritorious defense "need not be ultimately persuasive at this stage." *Am. All. Ins. Co.*, 92 F.3d at 61. That is, "likelihood of success is not the measure. Rather, a defendant's allegations are meritorious if they contain even a hint of a suggestion which, if proven at trial, would constitute a complete defense." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (internal quotations, citations, and alterations omitted); *see Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000) (similar).

Applying the foregoing equitable considerations, the Court concludes that allowing foreclosure on the Borrowers' Property in the face of the deficient Proof Of Filing Statements would both "be unfair" to the Borrowers and ignore that they have a meritorious defense "sufficient to vacate the default pursuant to Rule 55(c)."[11] *Bullock*, 2022 WL 4445399, at *4; *see Gray II*, 2020 WL 7296858, at *3 (denying motion for default judgment because "it is unclear that the 1306 filing conformed to the statutory requirements"); *One W. Bank,* 2014 WL 5471009, at *5 (recognizing that "[f]ailure to comply with Section 1306 is a valid defense . . . .").

### IV. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court deny the Motion and order that Plaintiff must file a letter attaching proof of compliance with Section 1306 before it may

---

[11] Several New York state cases likewise held that noncompliance with Section 1306 is a meritorious defense to a foreclosure action. *See Deutsche Bank Nat'l Tr. Co. v. Spanos*, 180 A.D.3d 997, 999-1000, 120 N.Y.S.3d 83, 85-86 (App. Div. 2nd Dept. 2020) (dismissing foreclosure action for lack of compliance with Section 1306); *Hudson City Sav. Bank v. Seminario,* 149 A.D.3d 706, 707, 51 N.Y.S.3d 159, 160 (App. Div. 2nd Dept. 2017) (reversing grant of summary judgment for plaintiff because plaintiff lacked sufficient "proof of compliance with RPAPL 1306, a condition precedent to commencement of the action"); *TD Bank,* 121 A.D.3d at 1260, 995 N.Y.S.2d at 628-29 (affirming summary judgment for defendant due to plaintiff's failure to comply with Section 1306).

file another motion seeking to foreclose on the Property. *See Bullock*, 2022 WL 4445399, at *8.

## V. OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Chief Judge Brodie. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

### SO ORDERED:

Dated: Central Islip, New York
October 28, 2022

s/ Lee G. Dunst
**LEE G. DUNST**
United States Magistrate Judge