UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
WINDWARD BORA LLC

              Plaintiff,

    v.

ALJO DURKOVIC *as Trustee of the McQueen Family Trust*, ROBERT MCQUEEN, RHONDA MCQUEEN, and WELLCORP, INC.

              Defendants.
--------------------------------------------------------X

**DECISION AND ORDER**

22-CV-00411 (MKB) (LGD)

**LEE G. DUNST**, Magistrate Judge:

On October 28, 2022, the undersigned issued a Report and Recommendation ("R&R") to Chief Judge Margo K. Brodie concluding that Plaintiff's motion for default judgment seeking damages and authorization to foreclose on and sell the Property should be denied.[1] *See Windward Bora LLC v. Durkovic as Tr. of the McQueen Fam. Tr.*, No. 22-CV-00411, 2022 WL 16230872 (E.D.N.Y. Oct. 28, 2022). Later the same day, Plaintiff filed a letter motion requesting that the undersigned reconsider the R&R ("Reconsideration Motion"). *See* ECF No. 22. For the reasons set forth herein, the undersigned (1) denies the Reconsideration Motion and (2) withdraws the portion of the R&R recommending that the Court "order that Plaintiff must file a letter attaching proof of compliance with Section 1306 before it may file another motion seeking to foreclose on the Property," *Durkovic*, 2022 WL 16230872, at *7, and, in light of the revelations in the Reconsideration Motion, recommends that the Court order Plaintiff to cure its violation of Rule 5.2 (described below and first disclosed to the undersigned in the post-R&R Reconsideration Motion) by first amending the Complaint before it may file another motion seeking to foreclose on the Property.

---

[1] Capitalized terms not defined herein have the meaning assigned to them in the R&R. *See Durkovic*, 2022 WL 16230872.

I.  **BACKGROUND**

The Court incorporates by reference the factual and procedural background set forth in the R&R. *See Durkovic*, 2022 WL 16230872, at *1-2. Accordingly, the Court discusses only the facts relevant to the Reconsideration Motion. In support of the Complaint, Plaintiff attached Proof Of Filing Statements that lacked the Borrowers' telephone numbers—though Section 1306 requires inclusion of the Borrowers' telephone numbers as a condition precedent to bringing this foreclosure action. *See Durkovic*, 2022 WL 16230872, at *5-7 (applying N.Y. REAL. PROP. ACTS. LAW § 1306 to the instant case); Compl. Ex. E (showing a blank line on each of the Proof Of Filing Statements for the "Borrower's Phone No."). As the Court stated in the R&R, "Plaintiff does not acknowledge or provide any explanation for the missing telephone numbers in any of its filings in this action." *Durkovic*, 2022 WL 16230872, at *6; *see also* Compl; ECF No. 17-1. Because that deficiency is fatal to the Motion, the undersigned recommended that the Court deny the Motion and order that Plaintiff file a letter attaching proof of compliance with Section 1306 before it may file another motion seeking to foreclose on the Property. *See Durkovic*, 2022 WL 16230872, at *7 (citing *Freedom Mortg. Corp. v. Bullock*, No. 19-CV-664, 2022 WL 4445399, at *8 (E.D.N.Y. Sept. 23, 2022)).

In the Reconsideration Motion, Plaintiff advised the Court *for the first time* that the Proof Of Filing Statements attached to the Complaint are not the complete original versions that apparently had been filed with the New York State Department of Financial Services. *See* ECF No. 22 at 1. According to Plaintiff, Borrowers' telephone numbers were "redacted from the copies of the RPAPL §1306 Proof of Filing Statements that were filed with Plaintiff's Complaint in order to *protect the Defendants' privacy*." *Id*. (emphasis added). These newly-produced "unredacted" versions of the Proof Of Filing Statements include telephone numbers on the "Borrower's Phone No." lines that were blank in the versions that Plaintiff attached to the Complaint. *Compare* ECF No. 22 at 2-3 *with* Compl. Ex. E. Relying on this new submission, Plaintiff asks the Court to "reconsider" its finding in

2

the R&R that Plaintiff failed to demonstrate compliance with Section 1306.  ECF No. 22 at 1.

## II. LEGAL STANDARD

"Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure and Local Rule 6.3." *United States v. Real Prop. & Premises Located at 249-20 Cambria Ave., Little Neck, New York 11362*, 21 F. Supp. 3d 254, 259 (E.D.N.Y. 2014).  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after entry of the Court's determination of the motion.  Local Civil Rule 6.3.  "Here, because Plaintiff is requesting reconsideration of the R&R, rather than to alter or amend a judgment, Plaintiff's Motion is construed as seeking reconsideration under Rule 60(b) which provides for relief from a final judgment, order, or proceeding." *Ruggiero v. Canfield*, No. 14-CV-00307, 2020 WL 7625179, at *2 (W.D.N.Y. Dec. 22, 2020) (internal citations and quotations omitted); *see N.A. v. New York City Dep't of Educ.*, No. 21-CV-2643, 2022 WL 3355263, at *2 (S.D.N.Y. Aug. 15, 2022) (applying Rule 60(b) to motion seeking reconsideration of a report and recommendation).

Rule 60(b) provides relief from a judgment for, among other things, mistakes, inadvertence, excusable neglect, newly discovered evidence, fraud or any other reason justifying relief.  *See* Fed. R. Civ. P. 60(b).  "Reconsideration under Rule 60(b) 'allows extraordinary judicial relief' and it should be 'invoked only upon a showing of exceptional circumstances.'" *Gindi v. New York City Dep't of Educ.*, No. 15-CV-6475, 2017 WL 58833, at *1 (E.D.N.Y. Jan. 5, 2017) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)); *see Ripa v. Stony Brook Univ.*, No. 17-CV-4941, 2019 WL 8886211, at *1 (E.D.N.Y. Apr. 4, 2019) ("Reconsideration is 'an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" (quoting *Butto v. Collecto Inc.*, 845 F. Supp. 2d 491, 494 (E.D.N.Y. 2012))), *aff'd*, 808 F. App'x 50 (2d Cir. 2020). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters in other

3

words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Finally, it is "well-settled that a motion for reconsideration is 'not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking another bite at the apple." *Monbo v. Nathan*, No. 18-CV-5930, 2022 WL 4134455, at *3 (E.D.N.Y. Sept. 11, 2022) (Brodie, C.J.) (quoting *United States for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018)); *see Maldonado v. Local 803 I.B. of Tr. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) ("A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided" (citation omitted)); *Spaulding v. New York City Dep't of Educ.*, 407 F. Supp. 3d 143, 149 (E.D.N.Y. 2017) (holding that a proponent of reconsideration under Rule 60(b) "cannot use the motion simply as an attempt to relitigate the merits of the case").

### III.  DISCUSSION

In the Reconsideration Motion, Plaintiff concedes (as it must) that the Proof Of Filing Statements attached to the Complaint lack the Borrowers' telephone numbers, which Section 1306 requires for Plaintiff to even pursue this action. *See* ECF No. 22 at 1 (reporting the Proof Of Filing Statements "redacted" the Borrowers' telephone numbers). Neither the Complaint nor the Motion reveal that the Proof Of Filing Statements are redacted. *See* Compl. ¶ 16 ("Plaintiff has complied with the registration requirements of RPAPL 1306(1). Copies of the Default Notices and 90-day notices with proof of mailing and registration are annexed hereto as Exhibit 'E'"); ECF No. 17-1 at 2 (asserting compliance with Section 1304 without even mentioning Section 1306). Further, the Proof Of Filing Statements themselves include no indication that they were altered by Plaintiff's counsel. *See* Compl. Ex. E.

Plaintiff now advises the Court that it unilaterally "redacted" the telephone numbers in its earlier court filings based on an alleged desire "to protect the Defendants' privacy." ECF No. 22 at 1.

4

As discussed herein, the undersigned rejects Plaintiff's after-the-fact explanation as insufficient to justify reconsideration of the R&R.

### A. Plaintiff's Privacy Concerns Are Unavailing

Plaintiff's alleged "privacy" concerns about the Borrowers' telephone numbers ring hollow. A simple Google search of the Borrowers' names and the Property easily reveals the same telephone number for the Borrowers that Plaintiff now claims it redacted to protect the Borrowers' "privacy." *Compare e.g., Rhonda McQueen Living In Long Pond, PA*, SEARCH PEOPLE FREE, https://www.searchpeoplefree.com/find/rhonda-l-mcqueen/12gDRX3zWMnA (last visited Nov. 1, 2022); *Rhonda L McQueen, Baldwin, Age 58, Female*, CLUSTRMAPS, https://clustrmaps.com/person/Mcqueen-17l55 (last visited Nov. 1, 2022) *with* ECF No. 22 at 2-3. The Court gives little credence to Plaintiff's after-the-fact explanation about a desire to "protect the Defendants' privacy" when the telephone number at issue is readily available to the public.

### B. Plaintiff Improperly Seeks Reconsideration Based On Previously Available But Unsubmitted Evidence

Plaintiff's reliance on evidence that was within its possession and not previously shared with the Court cannot merit reconsideration. In adjudicating the R&R, the Court could not have "overlooked" the unaltered Proof Of Filing Statements because they were first submitted to the Court after the fact with the subsequent Reconsideration Motion. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("But since Plaintiffs had not provided the district court with that evidence until the motion for reconsideration . . . the district court overlooked nothing at the time of the dismissal. Therefore, the district court did not abuse its discretion when it denied the late request to add evidence — previously known to Plaintiffs at the time of the order to show cause— as part of a motion for reconsideration."); *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (affirming denial of a motion for reconsideration where the movant "attached an affidavit to her reconsideration motion that contained certain facts not in the original record" because "we do not

consider facts not in the record to be facts that the court 'overlooked.'"). Nor could the unaltered Proof Of Filing Statements constitute "new evidence" favoring reconsideration because they have long been available to Plaintiff. *See Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (affirming denial of motion seeking reconsideration based on new evidence because the evidence "was readily available at the time of the earlier briefing"); *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) ("Because this declaration [attached to the motion for reconsideration] cannot be considered 'new evidence'—evidence that was 'truly newly discovered or could not have been found by due diligence,'—we cannot conclude that the district court abused its discretion in denying the motion for reconsideration." (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir.1983))); *Garraway v. Newcomb*, 154 F. App'x 258, 260 (2d Cir. 2005) (affirming denial of motion for reconsideration that "sought to introduce some new evidence" because "that evidence was available to him at the time of the original summary judgment motion").

### C. Plaintiff Violated The Federal Rules Of Civil Procedure

Finally, Plaintiff's unilateral and undisclosed redaction of the Proof of Filing Statements violated Federal Rule of Civil Procedure 5.2. Telephone numbers are not among the categories of information that Rule 5.2 allows parties to redact without leave of the Court (such as social security numbers and bank records). *See* Fed. R. Civ. P. 5.2(a). Redacting information beyond those listed in Rule 5.2(a) first requires a court-issued protective order. *See* Fed. R. Civ. P. 5.2(e).

Plaintiff never sought such an order under Rule 5.2(e) in this case. Thus, Plaintiff's redactions of phone numbers in the Proof Of Filing Statements were clearly improper. *See Sw. Invs. Grp. LLC v. Lismore Holdings, LP*, No. 15-CV-1028, 2016 WL 4054927, at *13 (W.D.N.Y. June 30, 2016) (finding a purchase price was improperly redacted because it "is not one of the identifier pieces of data that should be redacted under Rule 5.2(a)" and concluding that the correct approach would have been "for defendants prior to filing their motions to have sought a protective Order under that

rule . . . ."), *report and recommendation adopted*, 2016 WL 4014471 (W.D.N.Y. July 27, 2016); *Freydl v. Meringolo*, No. 09-CV-07196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) ("Unless a redacted filing is authorized or the court orders that a filing be made under seal, documents filed in a civil case must not be redacted.").  These improper redactions are compounded by the fact that Plaintiff's counsel necessarily represented to the Court that he understood the scope of his redaction responsibilities.  *See Offor v. Mercy Med. Ctr.*, No. 15-CV-2219, 2016 WL 3566217, at *3 (E.D.N.Y. June 25, 2016) ("To access the Court's CM/ECF filing system, all counsel . . . are required to check a box indicating that they understand and acknowledge their redaction responsibilities under Rule 5.2 . . . ."), *aff'd*, 698 F. App'x 11 (2d Cir. 2017); *Linking Your CM/ECF Account to Your Upgraded PACER Account,* U.S. BANKR. CT. E. DIST. N.Y. ECF NEWSL., Jan. 2021, at 1, 6 (showing that, before accessing the electronic filing system, each attorney must check a box—beneath a hyperlink to Rule 5.2—to confirm "I understand that, if I file, I must comply with the redaction rules.  I have read this notice."), https://www.nyeb.uscourts.gov/nextgen-ecf-information-and-procedures; *NextGen CM/ECF Registration/Customer Support Reference Sheet*, U.S. DIST. CT. E. DIST. N.Y., https://img.nyed. uscourts.gov/files/local_rules/ECFRegCustSupporReferenceSheet.pdf (last visited Nov. 1, 2022) (describing how each electronic filer must "acknowledge [the] redaction agreement").

       This is not the first time that Plaintiff flouted its obligations in this district.  In fact, several judges in this district have rejected Plaintiff's default judgment motions for a host of infirmities.  *See, e.g., Windward Bora LLC v. Ingber*, No. 21-CV-3308, 2022 WL 2467664, at *3 (E.D.N.Y. Apr. 28, 2022) (Lindsey, Mag. J.) (recommending denial of default judgment for failure to attach to the complaint an attorney's "certificate of merit" required by RPAPL Section 3012-b); *Windward Bora LLC v. Valencia* (*Valencia II*), No. 19-CV-4147, 2022 WL 872506, at *1, *5 (E.D.N.Y. Mar. 24, 2022) (Garaufis, J.) (declining to award damages with default judgment because, as detailed in the annexed report and recommendation from Magistrate Judge Reyes, Plaintiff provided insufficient

7

damages documentation); *Windward Bora, LLC v. LaSalle Bank NA as Tr. for Washington Mut. Mortg. Pass-Through Certificates WMalt Series, 2007-7 Tr.*, No. 20-CV-2304, 2021 WL 7908039, at *3 (E.D.N.Y. May 3, 2021) (Reyes, Mag. J.) (recommending denial of default judgment motion because, among other things, Plaintiff sent the motion papers to the wrong address); *Windward Bora LLC v. Armstrong*, No. 18-CV-6355, 2021 WL 606713, at *5, *6 n.6, 8 (E.D.N.Y. Feb. 16, 2021) (Bulsara, Mag. J.) (recommending vacatur of default as to one defendant partly because the 90-day notice sent to him failed to comply with Section 1304; recommending denial of default judgment as to all defendants because Plaintiff's claim to owning the note relied on a "paradox" that "confounds logic" and Plaintiff sent the default motion papers to the wrong addresses); *Windward Bora, LLC v. Valencia* (*Valencia I*), No. 19-CV-4147 2020 WL 6470293, at *3-5 (E.D.N.Y. Oct. 16, 2020) (Reyes, Mag. J.) (recommending denial of default judgment and vacatur of defaults for failure to effectuate proper service), *report and recommendation adopted*, 2020 WL 6450286 (E.D.N.Y. Nov. 3, 2020) (Garaufis, J.).

In addition, courts in this district have observed that Plaintiff's counsel, Mr. Alan Weinreb, has failed to comply with the applicable rules in connection with motions concerning foreclosure.[2] For example, the court in *Gustavia Home, LLC v. Cudjoe* held that:

> It bears noting that Plaintiff's counsel, Mr. Weinreb, is not a novice to the procedures and substance of mortgage foreclosure litigation. In previous cases in this district, including before this Court, Mr. Weinreb's motions for deficiency judgments have been found inadequate on the same grounds that the magistrate judge found his instant motion inadequate—for failure to provide sufficient proof of the subject property's FMV or for failure to effect proper service of the motion . . . Plaintiff's counsel unquestionably is well aware of the requirements applicable to his instant motion and has made a conscious choice to ignore those requirements as well as forgo the additional opportunities he was given to cure his motion's failure to comply therewith.

---

[2] Mr. Weinreb was Plaintiff's attorney in several of the aforementioned cases where Plaintiff's contravention of the rules doomed Plaintiff's entitlement to a default judgment permitting foreclosure or imposition of damages. *See Valencia II*, 2022 WL 872506; *Armstrong*, 2021 WL 606713; *Valencia I*, 2020 WL 6470293.

No. 16-CV-3992, 2022 WL 4483343, at *3 (E.D.N.Y. Sept. 27, 2022) (Irizarry, J.) (collecting cases involving Mr. Weinreb's failure to follow procedure); *see also Wilmington PT Corp. v. Gray*, No. 19-CV-01675, 2020 WL 7296858, at *3 (E.D.N.Y. Dec. 11, 2020) (Donnelly, J.) (denying default judgment motion filed by Mr. Weinreb for noncompliance with Section 1306); *Mulberry Homes VI, LLC v. Gargiulo*, No. 15-CV-1913, 2019 WL 5694133, at *3 n.2, *4-5 (E.D.N.Y. Aug. 30, 2019) (Brown, Mag. J.[3]) (describing how a declaration from Mr. Weinreb was "facially defective," substantively insufficient, and contained "troubling" factual inconsistencies).

Plaintiff's Counsel fares no better here. In filing this action on behalf of Plaintiff, Mr. Weinreb altered the mandatory Proof Of Filing Statements without seeking the advanced approval of the Court required by Rule 5.2(e). As stated above, Plaintiff and Mr. Weinreb regularly pursue default judgment motions in this district and other judges in other cases have likewise recognized their failure to comply with applicable rules. The instant situation is likewise due entirely to Plaintiff's failure to follow the rules and procedures of this Court. These troubling circumstances confirm that the undersigned should deny the Reconsideration Motion.

## IV. CONCLUSION

For the foregoing reasons, the undersigned denies the Reconsideration Motion and maintains the recommendation that the Court deny the Motion for the reasons set forth in the R&R. *See Durkovic*, 2022 WL 16230872, at *5-7. The undersigned, however, withdraws the R&R's recommendation that the Court "order that Plaintiff must file a letter attaching proof of compliance with Section 1306 before it may file another motion seeking to foreclose on the Property," *id*. at *7, and instead recommends that the Court order Plaintiff to cure its violation of Rule 5.2 by first amending the Complaint before it may file another motion seeking to foreclose on the Property. *See*

---

[3] Judge Brown was subsequently elevated to a district judge in December 2019. *See Article III Judges: Gary R. Brown*, U.S. DIST. CT. E. DIST. N.Y., https://www.nyed.uscourts.gov/content/judge-gary-r-brown (last visited Nov. 1, 2022).

9

*Gray*, 2020 WL 7296858, at *3 (directing Plaintiff to amend its complaint to cure a defect necessitating denial of the default judgment motion seeking foreclosure).

## V. OBJECTIONS TO THE MODIFICATION OF THE R&R

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2), the parties shall have fourteen (14) days from service of this Decision And Order to file written objections to the modification of the R&R contained herein. *See also* Fed. R. Civ. P. 6(a) & (d) (addressing computation of days). Any requests for an extension of time for filing objections must be directed to Chief Judge Brodie. FAILURE TO FILE TIMELY OBJECTIONS SHALL CONSTITUTE A WAIVER OF THOSE OBJECTIONS BOTH IN THE DISTRICT COURT AND ON LATER APPEAL TO THE UNITED STATES COURT OF APPEALS. *See Thomas v. Arn*, 474 U.S. 140, 154-55 (1985); *Frydman v. Experian Info. Sols., Inc.*, 743 F. App'x 486, 487 (2d Cir. 2018); *McConnell v. ABC-Amega, Inc.*, 338 F. App'x 24, 26 (2d Cir. 2009); *F.D.I.C. v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995).

SO ORDERED:

Dated: Central Islip, New York
November 2, 2022

s/ Lee G. Dunst
_____
**LEE G. DUNST**
United States Magistrate Judge