UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

WINDWARD BORA LLC,

                          Plaintiff,

                  v.

ALJO DURKOVIC *as Trustee of the McQueen Family Trust*, ROBERT MCQUEEN, RHONDA MCQUEEN, and WELLCORP, INC.,

                         Defendants.

**ORDER**
22-CV-411 (MKB) (LGD)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiff Windward Bora LLC commenced the above-captioned action against Defendants Aljo Durkovic (as trustee of the McQueen Family Trust), Robert McQueen, Rhonda McQueen, and Wellcorp, Inc. on January 25, 2022, seeking to foreclose on a mortgage under New York Real Property Actions and Proceedings Law ("RPAPL") Section 1301 *et seq*. (Compl., Docket Entry No. 1.) Defendants failed to appear or otherwise respond to the action, and the Clerk of Court entered default against them on March 15, 2022 and March 23, 2022. (Clerk's Entries of Default, Docket Entry Nos. 14, 16.) On March 29, 2022, Plaintiff moved for a default judgment, (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 17), and on March 30, 2022, the Court referred Plaintiff's motion to Magistrate Lee G. Dunst for a report and recommendation, (Order dated March 30, 2022; Order dated June 13, 2022, Docket Entry No. 18).

      By report and recommendation dated October 28, 2022, Judge Dunst recommended that the Court (1) deny the motion because Plaintiff failed to comply with RPAPL § 1306, which requires that a mortgage assignee include a Borrower's telephone number in the Section 1306

Proof of Filing Statements, and (2) order that Plaintiff file a letter attaching proof of compliance with RPAPL § 1306 before it may file another motion seeking to foreclose on the property ("R&R"). (R&R 14, Docket Entry No. 21.) On October 28, 2022, Plaintiff filed a letter in response to the R&R, seeking reconsideration. (Letter Mot. for Recons., Docket Entry No. 22.) In that letter, Plaintiff explained that it had complied with Section 1306; Plaintiff had redacted the Borrower's telephone number from the copy of the Proof of Filing Statement filed with the Complaint and provided the Court with an unredacted copy of the Statement. (*Id.*) On November 2, 2022, Judge Dunst: (1) denied the reconsideration motion, finding that the motion for default judgment should be denied for the reasons explained in the R&R; (2) withdrew the portion of the R&R that recommended that the Court order that Plaintiff must file a letter attaching proof of compliance with Section 1306 before filing another motion to foreclose on the property; and (3) instead recommended that the Court order Plaintiff to amend the Complaint before filing another motion to foreclose on the property. (Order denying Mot. for Recons. 9, Docket Entry No. 23.)

No objections to the R&R have been filed and the time for doing so has passed.

**I. Discussion**

A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "Where parties receive clear notice of the consequences, failure to timely object to a magistrate[] [judge's] report and recommendation operates as a waiver of further judicial review of the magistrate[] [judge's] decision." *Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015) (quoting *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)); *see also Phillips v. Long Island R.R. Co.*, 832 F. App'x 99, 100 (2d Cir. 2021) (same); *Almonte*

*v. Suffolk County*, 531 F. App'x 107, 109 (2d Cir. 2013) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))); *Sepe v. N.Y. State Ins. Fund*, 466 F. App'x 49, 50 (2d Cir. 2012) ("Failure to object to a magistrate judge's report and recommendation within the prescribed time limit 'may operate as a waiver of any further judicial review of the decision, as long as the parties receive clear notice of the consequences of their failure to object.'" (first quoting *United States v. Male Juv.*, 121 F.3d 34, 38 (2d Cir. 1997); and then citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985))); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010) ("[A] party waives appellate review of a decision in a magistrate judge's [r]eport and [r]ecommendation if the party fails to file timely objections designating the particular issue." (first citing *Cephas*, 328 F.3d at 107; and then citing *Mario*, 313 F.3d at 766)).

The Court has reviewed the unopposed R&R and, finding no clear error, adopts the R&R pursuant to 28 U.S.C. § 636(b)(1).

## II. Conclusion

The Court adopts the R&R with the modifications recommended in Judge Dunst's Order denying Plaintiff's motion for reconsideration, denies Plaintiff's motion for a default judgment, and finds that Plaintiff must first amend the Complaint before it may file another motion seeking to foreclose on the Property. Plaintiff is directed to serve copies of this Order upon Defendants

3

at their last known addresses and to file proof of service with the Court. Plaintiff is granted thirty days from the date of this Order to amend the Complaint.

Dated: December 28, 2022
      Brooklyn, New York

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge